**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

v.                                **MEMORANDUM OPINION AND ORDER**
                                        Criminal No. 09-49(1) ADM/FLN
Zeferino Gutierrez-Ayala,               Civil No. 11-3135 ADM

        Defendant.

___

LeeAnn K. Bell, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Zeferino Gutierrez-Ayala, pro se.

___

**I. INTRODUCTION**

Zeferino Gutierrez-Ayala ("Gutierrez-Ayala") has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 284] ("Motion"). The Government has filed a Response to Defendant's Motion Pursuant to 28 U.S.C. § 2255 [Docket No. 287]. For the reasons set forth below, Gutierrez-Ayala's Motion is denied.

**II. BACKGROUND**

On February 19, 2009, Gutierrez-Ayala was indicted on one count of conspiracy to distribute methamphetamine and cocaine and one count of possession with intent to distribute 500 grams of cocaine. On July 15, 2009, Gutierrez-Ayala pled guilty pursuant to a plea agreement to the conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. § §841(a)(1), 841(b)(1)(A), and 846. At the time of his plea, Gutierrez-Ayala admitted that he conspired with others to distribute cocaine and that a firearm was found during the execution of a search warrant at his home. Id. The plea agreement did not resolve whether there

should be an enhancement for Gutierrez-Ayala's role in the offense. Id. at 4. The government reserved the right to seek an enhancement for Gutierrez-Ayala's role as a leader or organizer under U.S.S.G. § 3B1.1, and the defense reserved the right to argue against this enhancement. Id. The plea agreement specified that if the leadership/organizer enhancement was applied, the applicable sentence range would be 210 – 262 months, and if it was inapplicable the range would be 135 –168 months. Id. at 5.

The Presentence Investigation Report ("PSR") included factual findings regarding the amount of drugs attributable to Gutierrez-Ayala, Gutierrez-Ayala's control over others in the conspiracy, and recommended the 4-level leadership/organizer enhancement. See PSR ¶ 51. The PSR also recommended the 2-level firearm enhancement be applied to the sentence. Id. at ¶ 48. The PSR recommended a guideline range sentence of 324–405 months. Id. at ¶ 78. Gutierrez-Ayala's attorney objected to the leadership/organizer enhancement in the Addendum to the PSR. See Addendum to the PSR at A.4.

On December 22, 2009, Gutierrez-Ayala was sentenced to 210 months of imprisonment to be followed by five years of supervised release [Docket No. 154]. On December 30, 2009, Gutierrez-Ayala, represented by his trial attorney, filed a Notice of Appeal with the Eighth Circuit Court of Appeals [Docket No. 161]. On October 25, 2010, the Eighth Circuit Court of Appeals affirmed Gutierrez-Ayala's sentence. See United States v. Gutierrez-Ayala, No. 10-1048, 2010 Wl 4158513, *1 (8th Cir. 2010).

On October 24, 2011, Gutierrez-Ayala timely filed his §2255 Motion claiming he received ineffective assistance of counsel because: 1) his counsel did not object to the leader/organizer enhancement applied to his sentence; 2) his counsel did not object to the

possession of a firearm enhancement applied to his sentence; and 3) his counsel did not argue that the government failed to meet its burden of proof for the leader/organizer enhancement.

## III.  DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence.  See United States v. Addonizio, 442 U.S. 178, 184–85 (1979).  A petitioner must show that the error, if left uncorrected, would result in a complete miscarriage of justice or in a "conviction of one innocent of the crime." McCleskey v. Zant, 499 U.S. 467, 494 (1991).  The petitioner may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.  See United States v. Frady, 456 U.S. 152, 167–68 (1982).  A showing of ineffective assistance of counsel satisfies both cause and prejudice, but the movant faces a heavy burden.  See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir.1996).

A.   Ineffective Assistance of Counsel

Gutierrez-Ayala alleges that his trial counsel rendered ineffective assistance of counsel based on his failure to: 1) challenge the leader/organizer enhancement, 2) allege that the government had not met its burden of proof for the leader/organizer enhancement and 3) challenge the firearm enhancement.  To properly demonstrate a claim of ineffective assistance of counsel, a convicted defendant must show that his attorney's representation fell below an objective standard of reasonableness.  Strickland v. Washington, 466 U.S. 668, 687–88.  Additionally, the defendant must show he was prejudiced by counsel's errors.  Id. at 694.

3

1. <u>Leader/Organizer Enhancement</u>

Gutierrez-Ayala argues that he received ineffective assistance of counsel because counsel both failed to object to the leader/organizer enhancement and failed to argue that the government had not met its burden of proof with respect to the leader/organizer enhancement. However, Gutierrez-Ayala has provided no evidence to support these claims. In fact, counsel objected to the leader/organizer enhancement several times throughout Gutierrez-Ayala's case. First, the right to object to the enhancement was reserved in the plea agreement. <u>See</u> Plea Agreement at 4. Second, counsel did object to the leader/organizer enhancement and detailed his objections in the addendum to the PSR, arguing that the defendant was "not a leader in this offense" and that "his codefendants . . . did not work for [him]." Addendum to PSR at A.4. Third, the objection to the leader/organizer enhancement was renewed at Gutierrez-Ayala's sentencing hearing. In response to a question from the Court at Gutierrez-Ayala's sentencing hearing regarding Gutierrez-Ayala's objection to any role enhancement, counsel stated:

> We did file the objection to the role adjustment and it's our position, your Honor, that the leadership role is typically for someone who arranges underlings or intermediaries to go and sell and distribute drugs for them, and Mr. Gutierrez-Ayala's position is that this was not his role, your Honor . . . *and so it's our position that the role for the leadership enhancement is not appropriate and has not been proven by a preponderance of the evidence.*

Sentencing Hr'g Tr. [Docket No. 237] at 4:23-5:23 (emphasis added). Lastly, the application of the leader/organizer enhancement to Gutierrez-Ayala's sentence was a ground for appeal to the Eighth Circuit, which affirmed its application. <u>See</u> <u>United States v. Gutierrez-Ayala</u>, No. 10-1048, 2010 Wl 4158513, *1 ("Gutierrez-Ayala appeals, arguing the district court erred in finding his offense level should be increased pursuant to the leadership enhancement."). Counsel clearly objected to the leader/organizer enhancement and argued that the government had not met its

burden of proof regarding the enhancement several times throughout the course of Gutierrez-Ayala's case. Therefore, counsel's representation regarding the leader/organizer enhancement did not fall below an objective standard of reasonableness, and Gutierrez-Ayala's claim of ineffective assistance of counsel on that ground must fail.

    2.    <u>Firearm Enhancement</u>

Gutierrez-Ayala also argues that he received ineffective assistance of counsel because of a failure to object to the firearm enhancement. Gutierrez-Ayala argues that because the gun was found at a residence that did not have any drugs on the property at the time of the arrest the firearm enhancement should not have been applied.

Significantly, Gutierrez-Ayala stipulated to the firearm enhancement in the plea agreement. <u>See</u> Plea Agreement at 4 ("The parties agree that the two-level enhancement under section 2D1.1(b)(1), for possession of a firearm, applies."). Moreover, at his change of plea hearing, Gutierrez-Ayala stated that he understood that a two-point firearm enhancement would apply to his sentence, admitted that a search warrant was executed at his home and a firearm was found, and admitted that he had knowledge that the gun was there and that he was taking responsibility for the firearm. <u>See</u> Change of Plea Hr'g Tr. [Docket No. 236] at 16:7-13, 24:17 - 25:7.

Gutierrez-Ayala's ineffective assistance of counsel claim fails because he cannot prove that he was prejudiced by counsel's failure to object to the firearm enhancement. A defendant may not challenge an application of the Guidelines to which he agreed in a plea agreement, unless he proves that the agreement is invalid or withdraws from it. <u>See</u> <u>U.S. v. Barrett</u>, 173 F.3d 682, 684 (8th Cir. 1999) (holding that Petitioner could not object to two-level increase for

possession of a firearm after he agreed to this increase in his plea agreement and testimony at the sentencing hearing confirmed that Petitioner possessed a firearm).  Therefore, Gutierrez-Ayala's stipulation to the firearm enhancement in his plea agreement foreclosed any challenge to the firearm enhancement.  See also United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995).  Therefore, any alleged deficiency in counsel's performance did not prejudice Gutierrez-Ayala because there is no "reasonable probability that . . . the result of the proceeding would have been different."  See Strickland, 466 U.S. at 694.  Because Gutierrez-Ayala was unable to challenge the firearm enhancement, he would not have prevailed had an objection been interposed to the firearm enhancement.  Therefore, Gutierrez-Ayala's claim of ineffective assistance of counsel based on a failure to object to the firearm enhancement must also fail.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 284] is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 14, 2011.